DAVIS *et al.* v. STATE.*

(Division A. Oct. 18, 1926. Suggestion of Error Overruled Dec. 13, 1926.)

[110 So. 447. No. 26988.]

1. CRIMINAL LAW.

Evidence procured without search warrant *held* not admissible, in prosecution for manufacturing liquor, against occupant of premises holding by permission of owner, although occupancy was without payment of rent.

2. CRIMINAL LAW.

Persons having no interest in or right to premises searched cannot complain of admission of evidence secured by unlawful search thereof.

3. CRIMINAL LAW.

Permitting witness to testify as to his understanding "from the run of the conversation" relative to statements in nature of confession *held* erroneous.

4. CRIMINAL LAW. *Assignment of error cannot be considered on bills of exception signed and filed five months after trial and two months after record was filed in supreme court (Code 1906, section 1490 [Hemingway's Code, section 1248]).*

Assignment of error, based on alleged failure to grant severance as required by Code 1906, section 1490 (Hemingway's Code, section 1248), cannot be considered on bills of exception signed and filed five months after trial and nearly two months after record was filed in supreme court.

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 571, n. 93; p. 747, n. 47; p. 874, n. 91; 17 C. J., p. 147, n. 68.

APPEAL from circuit court of Prentiss county.

HON. C. P. LONG, Judge.

Chris Davis and others were convicted of attempting to manufacture intoxicating liquor, and they appeal. Reversed and remanded.

*J. E. Berry,* for appellants.

I.  Chris Davis is entitled to an acquittal under the law.  It is a case where his homestead rights are involved and where a search was made of his homestead premises without his consent or knowledge.  That the law forbids the invasion of one's premises without a search warrant has been overwhelmingly determined by this court in a number of cases. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845; *Smith* v. *State,* 133 Miss. 730, 98 So. 344; *McCarthy* v. *Gulfport,* 134 Miss. 632, 99 So. 501; *Cuevas* v. *Gulfport,* 134 Miss. 640, 99 So. 503; *Taylor* v. *State,* 134 Miss. 110, 98 So. 459; *Rignall* v. *State,* 134

Miss. 169, 98 So. 444; *Falkner* v. *State,* 134 Miss. 253, 98
So. 691; *Butler* v. *State,* 135 Miss. 885, 101 So. 193; *Jour-
dan* v. *State,* 135 Miss. 785, 100 So. 384; *Wells* v. *State,*
105 Miss. 764; 100 So. 674; *Orick* v. *State* (Miss.), 105
So. 465; *Gardner* v. *State,* (Miss.), 105 So. 475; *Ross* v.
*State* (Miss.), 105 So. 846; *Harold* v. *State* (Miss.), 106
So. 268; *Sanders* v. *State* (Miss.), 106 So. 822; *Nicaise*
v. *State* (Miss.), 106 So. 817.

II.    The record clearly shows that the parties were
entitled to separate trials and they asked for this right
before being arranged.

III.    Witness Abb Bennett says that he talked with two
witnesses some time after the crime is said to have oc-
curred and that Bud Davis, not the defendant here, did
the talking.    Abb said that he gathered from Bud that
they, not saying who, were going to make a run.    In
other words, Abb Bennett said that his impression was
that Bud Davis said that if the liquor was ripe then
they, never saying who, would make a run.

In the first place, it is not shown that this appellant
heard the conversation and, in the second place, no direct
charge is made against him.    There were four parties
but they are not all charged directly.    Now is Chris
Davis guilty because he is said to be silent in the first
place and then is he guilty because he speaks in another
place?

*Friday & Windham,* also, for appellants.

I.    The court erred in refusing to sustain a motion for
a severance.    Section 1490, Code of 1906 (section 1248,
Hemingway's Code).    Whether or not severance shall
be granted is no longer discretionary with the trial
court, provided the statute is complied with in making
application therefor.    We think the holding of this court
in *Malone* v. *State,* 77 Miss. 812, is decisive.

II.   Under many other holdings of this court, the officer's testimony was clearly inadmissible for the reason that this evidence was obtained through an illegal search, there being no warrant ever issued authorizing the search.   And it cannot be argued that the evidence was obtained following an arrest of one committing a felony, because the record shows that no arrest was made until after an indictment had been returned.

III.   The testimony of the witness Bennett is incompetent and inadmissible.   While he attempted to detail an alleged confession made by the defendants, his entire testimony consists of his own opinions based upon, and conclusions drawn from, the statements made to him. Nowhere does he attempt to state what appellants said to him to warrant these opinions and conclusions that he terms "my understanding."   Had he given to the jury the statements as they were made to him by the appellants, it is very probable that the jury would have had a different "understanding."   *Coon* v. *State,* 1 Morris State Cases 455, 13 S. & M. 246; Wharton's Criminal Evidence (3 Ed.), p. 1295, sec. 622h; *Ellis* v. *State,* 65 Miss. 44, 3 So. 188.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I.   *The motion for a severance.*   In support of the contention that the lower court erred in refusing to sustain the motion of Bud Davis for a severance, appellants cite section 1248, Hemingway's Code and *Malone* v. *State,* 77 Miss. 812, which announce the principle that where a motion for a severance is made by one of the defendants jointly indicted and the court's attention has been called to this fact before the defendant was arraigned, it thereupon becomes the duty of the court to grant to this defendant a separate trial.   This principle is conceded. But the difficulty is that the record in this case fails to

show that the attention of the court was directed to this fact before the defendant was arraigned. To our mind it seems that this is one of the unfortunate instances which often arise in the trial of cases where, through some oversight, either by the clerk or some of the lawyers in the case, a proper order fails to be placed on the minutes of the court. *Collier* v. *State,* 106 Miss. 613, 64 So. 373.

II.  *The confession.* As to the testimony of A. B. Bennett with reference to the statement made by Bud Davis in the presence of Chris Davis and Boy Davis, appellants argue first that the witness did not detail the statements as made by Bud Davis, but gave only his opinions and conclusions as to what these statements meant and especially object to the use by the witness of the words "my understanding." By a reading of the testimony of this witness it will be seen that he uses the word "understanding" in the sense of recollection.

In the present case the court decided the statements made by the defendant were admissible in evidence. This being the case, there can be no prejudice to the right of the defendant by reason of his failure to have a hearing first in the absence of the jury, because the same result would have been reached and the jury would have heard precisely the same testimony as they did hear in this case.

There is a vast difference between a confession and statements made by a party accused from which his guilt may be inferred, and the rules of admission into evidence of a confession are not applicable to such cases. *Richberger* v. *State,* 90 Miss. 806.; *Irving* v. *State,* 92 Miss. 662; *Pringle* v. *State,* 108 Miss. 802, 67 So. 455.

III.  *The search warrant.* With reference to Boy and to Bud Davis there can be no question but that the testimony was admissible, because the land on which the still was found did not belong to them, nor did they have any interest in or right to the possession of the same. *Harris*

v. *State,* 98 So. 349; *Falkner* v. *State,* 98 So. 691; *Lee* v. *City of Oxford,* 99 So. 509.

With reference to this defendant, Chris Davis, we submit that the same rules of law are applicable. The property did not belong to him, nor was he renting the same from Rutherford. It is true that he had the permissive use of the land, but he had not legal right to the possession of it, nor control over it, and could be ousted at the mere wish of Rutherford. The testimony shows that he was permitted to use it as a pasture by the owner.

Then, too, he could not possibly have been injured or prejudiced by any testimony which was offered by the state's witness with reference to what they found through the search, because this defendant, Chris Davis, took the witness stand in his own behalf and there admitted all of the facts which were testified to by the officers and which facts were obtained by the alleged search of the premises by them. *Blowe* v. *State,* 130 Miss. 112, 93 So. 577.

Cook, J., delivered the opinion of the court.

The appellants, Chris Davis, Bud Davis, and Boy Davis, were jointly indicted for attempting to manufacture intoxicating liquor, and were convicted and sentenced to the penitentiary for a term of three years, and from this judgment this appeal was prosecuted.

From the testimony offered at the trial, it appears that the sheriff of the county and another officer discovered a still and two or three barrels of mash in an inclosed pasture. They secreted themselves near the still during the night and watched it until the following morning. A short while after sunrise, they saw Bud Davis pass near the still. He had a shotgun and appeared to be hunting. In a short while he returned to the still accompanied by Chris and Boy Davis and another party, whom they were unable to identify, Chris and Bud Davis stopped a moment at the still, and then walked on into the woods and

were seen no more. Boy Davis and his companion began cleaning leaves out of the furnace of the still, and a few moments thereafter they discovered the presence of the officers and ran away. The testimony further showed that the land on which the still was discovered belonged to a Mr. Rutherford, but by permission of the owner it had been fenced by Chris Davis and used by him as a pasure for three or four years. The other appellants had no interest in the premises searched. The officers did not have a search warrant when the search was made and the evidence secured.

As against Chris Davis, we think this case comes within the doctrine announced in the case of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 L. R. A. 1377, and the many cases reaffirming that doctrine, and that the evidence in regard to the still was inadmissible. The testimony shows that he occupied and controlled the land on which the still was located at the time of the search. The fact that his occupancy and use of the premises was by permission of the owner, without the payment of rent, is immaterial, and does not deprive him of protection against an invasion of his rights therein. Since the other two appellants had no interest in or right to the possession of the land searched, they cannot complain of the admission of evidence secured by an unlawful search of the premises. Falkner v. State, 134 Miss. 253, 98 So. 691.

The next assignment of error is based upon the admission of testimony as to certain statements in the nature of a confession which were made by appellant Bud Davis in the presence of the other two appellants, and which tended to incriminate all three of the appellants. When this testimony was offered, it was objected to, and counsel requested that the jury be retired, presumably, although the record does not so state, for the purpose of conducting a preliminary examination as to the competency of the proffered testimony. The request to have the jury retired and the objection to the testimony were

overruled, and the witness was permitted to testify as to his "understanding from the run of the conversation."

Without now passing upon the question as to whether the failure of the court to determine the competency of the purported confession, by a preliminary examination in the absence of the jury, was reversible error, we are of the opinion that it was reversible error to permit the witness to testify to his understanding "from the run of the conversation." He should have been required to detail the statements of the appellant, or at least the substance thereof, from which the jury would draw its own inferences or conclusions.

A large part of the briefs of counsel is devoted to a discussion of the failure of the court to grant the appellants a severance, and to the question as to whether, as a matter of fact, a motion for a severance was presented to the court before the appellants were arraigned, as required by section 1490, Code of 1906 (section 1248, Hemingway's Code).

The record as filed in this court contains a motion for a severance signed by appellant Bud Davis, but it does not show that this motion was ever presented to or passed upon by the court. The record simply recites that on the day of the trial the defendants were arraigned and pleaded not guilty, and announced ready for trial. During the examination of the fourth and last witness for the state, counsel dictated into the record a statement which indicates that some controversy existed as to whether the motion had been called to the attention of the court before arraignment of the defendants, but no special bill of exceptions making the matter properly a part of the record was filed within the time fixed by law. Certain purported bills of exception, which were signed and filed in his court about five months after the trial of the cause in the court below, and nearly two months after the record was filed in this court, cannot be considered by us because they were not filed within the time fixed by law, and, consequently, the assignment of error based upon the al-

leged failure of the court below to grant the defendants a severance is not based upon any ruling of the court which appears of record.

For the errors herein indicated, however, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*