DAVIS *et al. v.* STATE.[*]

(Division B.   Oct. 31, 1927.)

[114 So. 343.   No. 26689.]

CRIMINAL LAW. · *In liquor prosecution, admitting evidence, procured by virtue of search without search warrant, held error.*

In prosecution for attempting to manufacture intoxicating liquors, refusal to exclude evidence against defendants, procured as result of search by officers without search warrant, *held* error.

---

[*]Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93.

APPEAL from circuit court of Prentiss county.
HON. C. P. LONG, Judge.

Bud Davis and another were convicted of attempting to manufacture intoxicating liquors, and they appeal. Reversed and remanded.

*Friday & Windham,* for appellants.

The court erred in admitting the testimony of the officers because their evidence was procured through an unlawful search of appellants' premises. The evidence shows without contradiction that appellants were in possession of the premises searched and had been in possession of same for several years. The sheriff who made the raid corroborates appellants in their claims.

The state offered no testimony whatever to contradict appellants' claims to the premises, but the trial court in the face of all the testimony supporting their claim to the premises in question, branded the testimony of appellants, their counsel and the state's witnesses as false and unreasonable and permitted the testimony procured through the search to go to the jury. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 L. R. A. 1377.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

One assignment of error argued by counsel questions the right of the officers to make a search of this pasture in which the still was located. I am unable to distinguish the facts in this case relative to the occupancy and possession of this pasture by the defendants, Bud Davis and Boy Davis, from the facts disclosed by the record on the former trial relative to the possession of this pasture by Chris Davis. 144 Miss. 551, 110 So. 447 at 557. This proposition has been settled in this state by *Robinson* v. *State,* 112 So. 167.

If the foregoing cases are to be followed, it seems clear that the search made by the officers was unlawful and that the defendants having the use and possession

of the pasture were undoubtedly entitled to object to such unlawful search. With these cases before me, therefore, I submit that this proposition to the court for its determination.

Anderson, J., delivered the opinion of the court.

The appellants, along with Chris Davis, were indicted and convicted in the circuit court of Prentiss county of the crime of attempting to manufacture intoxicating liquors, and from that judgment they appeal to this court.

There was a former trial and conviction of appellants and Chris Davis, from which judgment they appealed to this court, and the judgment was reversed and the case remanded. *Davis et al. v. State,* 114 Miss. 551, 110 So. 447. On the first trial, the appellants did not testify in their own behalf, and introduced no evidence tending to show that the still upon which it was charged they had attempted to manufacture intoxicating liquors was on the land in which they had possession or any interest. However, on the second trial, the appellant's evidence tended to show that the land upon which the still was found by the searching officers was leased by and in possession of the appellants. The still was searched for and found by the officer without a search warrant. A material part of the evidence against the appellants was procured by virtue of the search and finding of the still. The evidence on behalf of appellants that the land upon which the still was found was leased by and used by appellants as a pasture was uncontradicted. The trial court refused to exclude the evidence against the appellants procured as the result of the search. The attorney-general confesses that this was error. We are of the opinion that the attorney-general was justified in doing so.

*Reversed and remanded.*