## UNITED STATES v. MUSCARELLE et al.
### No. 283.

Circuit Court of Appeals, Second Circuit.
March 13, 1933.

John J. Carlo, of Buffalo, N. Y., for appellants.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Frederick T. Devlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The order appealed from denied the petition of Joseph Cappellino, Edward Muscarelle, Onofrio Muscarelle, Joseph Ross, Salvatore V. Tripi, and Ray H. Latona to set aside a search of their premises and seizure of their property and for the return of the property and the suppression of evidence thus obtained. It also asked for the discharge from arrest. The defendants Edward Muscarelle, Onofrio Muscarelle, Joseph Spagnoulo, and Joseph Cappellino appeal.

One defendant, Joseph Spagnoulo, did not sign the petition to this appeal. Three of the petitioners below, Ross, Tripi, and Latona, have not appealed. We may only consider the errors complained of by those who have appealed.

The appeal is based upon alleged violation of the constitutional rights of each appellant. The building was occupied by the appellants and owned by one of them, Cappellino. The prohibition agent testified that Cappellino told him he had rented the barn which was searched to some one and did not know anything about its being used for the manufacture of liquor. Constitutional protection is personal, and the owner of property cannot object to the seizure of leased portions of the property. Chepo v. United States, 46 F.(2d) 70 (C. C. A. 3); Rosenberg v. United States, 15 F.(2d) 179 (C. C. A. 8).

Even though the searching officers unlawfully passed through Cappellino's unleased property in reaching the barn which was leased, he cannot object to the seizure of the property found there. The only property searched was the leased property, and the only property seized was on the leased property.

The appellants Edward and Onofrio Muscarelle may not complain of violation of constitutional rights. The evidence of the government's agents given before the Commissioner is to the effect that, when these appellants were asked "what their jobs were," Onofrio said he was the driver of a truck which the agents observed hauling supplies to the barn, and Edward said that he was a laborer around the place, helped unload the supplies, attended the still, and did anything there was to be done. Workmen without interest in the premises, or in the property seized and not dwelling thereon cannot raise the constitutional question sought to be raised here. United States v. Crushiata, 59 F.(2d) 1007 (C. C. A. 2); United States v. Messina, 36 F.(2d) 699 (C. C. A. 2).

Upon this record, none of the appellants appears to have an interest in the premises or property which would justify his claim of unlawful search and seizure. The owners of the automobiles seized have not appealed.

Order affirmed.