125 F.2d 924 (1942)
In re NASSETTA et al.
DADDIO
v.
UNITED STATES.
No. 197.
Circuit Court of Appeals, Second Circuit.
February 21, 1942.
*925 Samuel B. Wasserman, of New York City, for appellant.
Mathias F. Correa, U. S. Atty., of New York City (Louis W. Goodkind, Asst. U. S. Atty., of New York City, of counsel), for appellee.
Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.
PER CURIAM.
The question presented is whether the constitutional "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" can be availed of by one who claims no interest in the premises searched or property seized. Without a warrant officers of the Alcohol Tax Unit of the Bureau of Internal Revenue entered the house of one Nassetta and found in the attic an illicit still in operation. Nassetta and Daddio were forthwith arrested. The house was occupied by Mr. and Mrs. Nassetta as their home. Daddio was Nassetta's uncle and had slept on the premises the previous night but he resided with his wife and children in a home of his own in the Bronx. He claimed to be a visitor at the Nassetta house and asserted no interest therein or in the property seized. Applications to suppress the evidence were made by both Nassetta and Daddio; the former's application was granted and the latter's denied.
With practical unanimity the circuit courts of appeal have ruled that one who has no proprietary or possessory interest in the premises searched or property seized may not suppress evidence obtained by a search and seizure violative of the rights of another. The cases were collected in Connolly v. Medalie, 2 Cir., 58 F.2d 629, and there has been no later divergence. United States v. Goldstein, 2 Cir., 120 F.2d 485, 489. In Alvau v. United States, 9 Cir., 33 F.2d 467, 470, the evidence was suppressed on the motion of a "guest or employee" who "was domiciled in the residence" of another, and in distinguishing this case in United States v. Messina, 2 Cir., 36 F.2d 699, 701, we said that the party complaining of the evidence "should at least be dwelling" on the invaded premises as an employee or guest. In two later cases we said that workmen "not dwelling" on the premises could not raise the constitutional question. United States v. Muscarelle, 2 Cir., 63 F.2d 806; United States v. Conoscente, 2 Cir., 63 F.2d 811. Assuming without decision that these cases imply that a guest who did "dwell" on the premises might raise the question, the implication cannot avail the appellant who appears to have been merely a casual and temporary visitor. He was "dwelling" with his family in a home of his own.
Order affirmed.