### HALL et al. v. UNITED STATES.

### No. 11273.

Circuit Court of Appeals, Fifth Circuit.

July 11, 1945.

Writ of Certiorari Denied Oct. 8, 1945.

See 66 S.Ct. 53.

J. F. Kemp, of Atlanta, Ga., for appellants.

M. Neil Andrews, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

## PER CURIAM.

Appellants were convicted of conspiring with one another and with Harold Hefner, "Puss Perry", and others to violate the revenue laws touching the manufacture, transportation and sale of distilled spirits, and they appeal.

1. The evidence, though circumstantial, justified submission of the case to the jury. The theory of the prosecution was that Ben and Altus Hall, who were brothers, were furnishing materials and containers for distilleries run by Hefner, Altus Hall and Perry doing the trucking of them and the whisky; and that the Halls maintained in Atlanta a sort of warehouse and distributing place camouflaged as a used car sales place. It was testified Hefner had a distillery in operation twelve miles southwest of Atlanta which was discovered and destroyed Nov. 18, 1942. Ten days later on a Sunday Ben Hall approached one Kidder to buy Kidder's small farm about ten miles south of Atlanta, and he came back the third time with another man (Hefner), wanting immediate possession. Kidder agreed to sell and made a deed to Hefner the next day, Hefner paying cash and moving in before Kidder got out. The dwelling house occupied by Hefner was near the road, a barn about 150 feet behind it, and a tobacco barn about 329 feet from the house. On Jan. 8, 1943, Perry was caught driving an automobile loaded with whisky coming from the direction of this farm towards Atlanta, the officers being obstructed in following it by another automobile which Ben Hall had been seen driving before and with a license plate on it issued to him, but the driver that night was not identified. On April 9, 1943, the officers went to the tobacco barn in daylight and found Hefner and one Bowen in a nearby field. Bowen had strong smelling still mash on his overalls and he said the still was in the barn. They saw where a lot of mash had run out behind the barn and went in and found a large distillery in operation, fired with coke (to avoid making any smoke) and found other materials, tin cans, and 150 gallons of whisky. The distillery was unregistered and the whisky tax unpaid. Hefner freely talked about the distillery. The record does not show whether the distillery was destroyed, or ever reconstructed. In the summer of 1943 Hall Brothers rented an old mattress factory building and lot in Atlanta and got a license to deal in used cars. The officers spied on it constantly from a neighboring building, and saw Ben Hall and Altus Hall and Perry there frequently and Hefner occasionally. No sales of used cars were observed. The old sign of the mattress factory remained unchanged. Many trucks and automobiles came and went and some stayed overnight. The key was not carried by anyone but was hidden in a patch of grass for anyone to use that knew where to look for it. Truckloads of cartons of fruit jars (often used to contain liquor) were brought in and loaded into other trucks, and some coke and sacks looking like sugar, Altus Hall and Perry or Hefner sometimes being the drivers. Ben Hall was seen to carry a carton of yeast from the building and put it in his car and drive away. Another car apparently loaded with fruit jars backed out and went south. One dealer testified to delivering to this building 110 cases of fruit jars one day on a telephone order, the cash price being sent back by his negro driver, who could not say who paid him. The telephone was contracted for in the name of Hall Brothers, by Ben Hall. Altus Hall and Hefner were seen to build a new body for a truck, and the truck was afterwards seen loaded with coke, Altus Hall driving it. Hefner was also seen using it to get coke and fruit jars and drive away. A car with a license

in the name of Altus Hall was seen to leave Hefner's home one evening, a Chevrolet truck being there too, and three hours later the truck was caught transporting whisky. There was much other evidence of the activities of cars and trucks frequenting the mattress factory place, several of them being caught with whisky. At one time Altus Hall was found hauling coke from a pile on the home premises of Ben Hall.

No testimony was offered for the defense except from Ben Hall, and his explanations were, we think, rather contradictory and unsatisfactory. The jury could have disregarded them. The case was one for the jury to decide.

■ 2. Before the trial a motion was made to suppress the evidence about the distillery at Hefner's tobacco barn, because there was no search warrant. It was sustained as to Hefner, but overruled as to the Halls, and they contend that, being charged as conspirators with Hefner, the ruling in his favor inures to them. It does not appear what the evidence was on the motion to suppress, so we do not know whether it ought to have been sustained at all. The evidence on the trial does not indicate that Hefner objected to the officers entering the tobacco barn, but he appears to have acquiesced, Bowen having stated the still was in there. Nor does it appear that the tobacco barn was in the house enclosure, as is argued. But if it was in the curtilage of his home, and he objected to the entrance so that his constitutional right against search was invaded, as the court ruled, it was his right only, and not that of the Halls. They did not live there, nor occupy the premises. They are charged with conspiring with Hefner in his unlawful distilling, but are no sharers of his constitutional right against search, which is purely personal. In re Nassetta, 2 Cir., 125 F.2d 924; Mello v. United States, 3 Cir., 66 F.2d 135, and the many cases there cited.

■ 3. The seizure of one truck carrying liquor is objected to as not connected in any way with appellants. It had been seen at the mattress factory yard driven by Altus Hall several times before. The driver escaped and was not identified when it was seized. In a case of circumstantial evidence the occurrence was admissible for what it is worth.

Judgment affirmed.