## UNITED STATES v. BLOK.
### No. 10487.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1950.

Decided April 12, 1951.

Raymond E. Baker, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellant.

William A. Gallagher, Washington, D. C., appointed by the Court to argue as amicus curiæ, urged affirmance.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

District of Columbia police arrested appellee without a warrant on suspicion of petty larceny.[1] They proceeded to search, without a warrant, a desk assigned to her exclusive use in the government office where she was employed. They searched it first in her absence and afterwards in her presence. She did not voluntarily consent to the search although her official su-

---

[1] They at first charged her with housebreaking but the alleged circumstances, if true, gave no support to that charge. The prosecution duly ignored it and does not contend that it justified the arrest or the search that followed.

perior did. The police found and seized alleged evidence in the desk. Appellee disclaims ownership of this evidence.[2]

▇ Petty larceny is not a felony and the alleged offense was not committed in the officers' presence. The arrest was illegal and did not justify the search. Appellee's counsel moved the Municipal Court, before trial, to rule that the arrest was illegal. The government does not dispute the ruling of the Municipal Court of Appeals that this motion was in purpose and effect a motion to suppress the evidence produced by the search. But the Municipal Court overruled the motion and admitted the evidence. Appellee was convicted of petty larceny.

The Municipal Court of Appeals reversed the conviction. 70 A.2d 55, 57. It held that the appellee had a "possessory interest" in the desk assigned to her and that the search of the desk by the police "was such an invasion upon her privacy as to constitute a violation of the Fourth Amendment providing that 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *.'" The government appeals. It contends that in order to invoke the Fourth Amendment one who claims no interest in the property seized must have either a "proprietary" or a "possessory" interest in the place searched; that appellee had no such interest; and that her official superior's consent justified the police in searching the desk and its contents.

▇ The Fourth Amendment's guarantee against unreasonable searches and seizures "marks the right of privacy as one of the unique values of our civilization and, with few exceptions, stays the hands of the police unless they have a search warrant issued by a magistrate on probable cause supported by oath or affirmation * * *.

"Where, as here, officers are not responding to an emergency, there must be compelling reasons to justify the absence of a search warrant * * *. And the law provides as a sanction against the flouting of this constitutional safeguard the suppression of evidence secured as a result of the violation, when it is tendered in a federal court." McDonald v. United States, 335 U.S. 451, 453, 454, 69 S.Ct. 191, 192, 93 L.Ed. 153. But "the federal courts in numerous cases, and with unanimity, have denied standing to one not the victim of an unconstitutional search and seizure to object to the introduction in evidence of that which was seized." Goldstein v. United States, 316 U.S. 114, 121, 62 S.Ct. 1000, 1004, 86 L.Ed. 1312.[3] Yet no clear rule has emerged as to what is necessary, over and above the introduction in evidence of that which was seized, to make one the victim of an unconstitutional search and seizure.[4]

In United States v. Ebeling, 2 Cir., 1944, 146 F.2d 254, 257, the court said "It would seem * * * that the employer who was in possession of the premises was the only one who could object" to the search of a desk assigned to the defendant's use in his employer's office. But because the evidence seized in that case, if relevant at all, was unimportant, and because the defendant had failed to make clear at the trial his objection to the use of the evidence, the court did not discuss the point or positively decide it. A court has recognized the right of an army officer's superior to search the office he used in a building under military control,[5] but since the officer was subject to military law that case has no bearing here. Men who merely work

2. Accordingly the rule of Jeffers v. United States, 88 U.S.App.D.C. ——, 187 F.2d 498, is not relevant.

3. In Agnello v. United States, 269 U.S. 20, 35, 46 S.Ct. 4, 70 L.Ed. 145, the Supreme Court affirmed the convictions of Agnello's co-defendants not for lack of standing to object to the use of the evidence but because it was not used against them. The McDonald case, infra note 13, shows that because the evidence

was improperly admitted against Agnello it could not legally have been used against his co-defendants.

4. The questions whether the search and seizure were unconstitutional and whether the complaining person was their "victim" are practically identical in the present case, although in many cases they are distinct.

5. Richardson v. Zuppann, D.C., 81 F. Supp. 809.

in a place no part of which is devoted to their exclusive use have been held to have no standing to complain of a search.[6] The same has been held of servants [7] and employees [8] who live in an unsearched part of a searched building.[9] But a tenant at sufferance under an invalid sublease has been held to have standing to complain of a search, although the owner of the premises who was entitled to oust him assented to the search and accompanied the officers.[10] And a gratuitous license to use a well [11] or to pasture stock [12] on land of another has been held to give standing.

■■■■ The Fourth Amendment promises security against unreasonable searches. We think a person who has enough interest in a place to make a search unreasonable has enough to object to the search. Possession is a complicated and artificial concept. It is often hard to say whether or not a particular interest amounts to possession. We know of no reason why standing to object to a search should turn upon that question.[13] We think appellee's exclusive right to use the desk assigned to her made the search of it unreasonable. No doubt a search of it without her consent would have been reasonable if made by some people in some circumstances. Her official superiors might

reasonably have searched the desk for official property needed for official use. But as the Municipal Court of Appeals said, the search that was made was not "an inspection or search by her superiors. It was precisely the kind of search by policemen for evidence of crime against which the constitutional prohibition was directed." In the absence of a valid regulation to the contrary appellee was entitled to, and did, keep private property of a personal sort in her desk. Her superiors could not reasonably search the desk for her purse, her personal letters, or anything else that did not belong to the government and had no connection with the work of the office. Their consent did not make such a search by the police reasonable. Operation of a government agency and enforcement of criminal law do not amalgamate to give a right of search beyond the scope of either. Thus the government cannot, to find evidence of crime, search sealed mail in the possession of the Post Office Department. Ex parte Jackson, 96 U.S. 727, 733, 24 L.Ed. 877. In our opinion the search of appellee's desk by the police violated her right of privacy under the Fourth Amendment and the seized evidence should have been suppressed.

Affirmed.

6. United States v. Muscarelle, 2 Cir., 1933, 63 F.2d 806; United States v. Conoscente, 2 Cir., 1933, 63 F.2d 811; Connolly v. Medalie, 2 Cir., 1932, 58 F. 2d 629; United States v. Messina, 2 Cir., 1929, 36 F.2d 699; Kelley v. United States, 8 Cir., 1932, 61 F.2d 843.

7. Holmes v. State, 1938, 136 Tex.Cr.R. 26, 120 S.W.2d 595.

8. Wida v. United States, 8 Cir., 1931, 52 F.2d 424.

9. The contrary has also been held. Alvau v. United States, 9 Cir., 1929, 33 F.2d 467.

10. Klee v. United States, 9 Cir., 1931, 53 F.2d 58.

11. Shepherd v. State, 1928, 200 Ind. 405, 164 N.E. 276.

12. Davis v. State, 1926, 144 Miss. 551, 110 So. 447.

13. In Gibson v. United States, 80 U.S.

App.D.C. 81, 149 F.2d 381, 384, evidence unlawfully seized in the apartment of one of the defendants was admitted against both him and his guest, a codefendant. In reversing the tenant's conviction and affirming the guest's we said, 80 U.S.App.D.C. at page 84, 149 F.2d at page 384, that objection to evidence unlawfully seized "may be raised only by one who claims ownership in or right to possession of the premises searched or the property seized, and does not extend to the relief of a co-defendant." But the question whether an interest greater than a guest's and less than a possessor's might be sufficient was not decided because it was not before us.

Daddio v. United States, 2 Cir., 1942, 125 F.2d 924, is also to the effect that a guest lacks standing to complain.

As to the relief of a co-defendant, the Gibson case was overruled by McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153.