**Harvey H. FREEMAN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3463.**

District of Columbia Court of Appeals.

Argued April 27, 1964.

Decided June 4, 1964.

Roy M. Ellis, Washington, D. C., for appellant.

Barry I. Fredericks, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant, a Veterans Administration messenger, was found guilty of violating Code 1961, § 22–1502.[1] He contends that the trial court erred in denying his motion to suppress certain evidence seized at his place of employment.

On the date of the alleged offense appellant was interrogated about writing numbers by David Hurley, a Veterans Administration investigator. Appellant denied any wrongdoing. Thereupon Hurley accompanied him to the seventh floor where appellant's messenger station was located. This was a small room containing several chairs and a table surmounted by a pigeonhole shelf used for the distribution of mail. Hurley searched the table and found some paper money and two numbers slips under a pad of carbon paper on the uppermost part of the shelf. He next pulled out the table drawer and saw pinned underneath the left-hand side of the table a brown envelope which he instructed appellant to remove. As Hurley proceeded to replace the table drawer, appellant rushed past him, pushing him over the top of the table. When Hurley regained his footing he observed a fellow investigator and appellant lying on the corridor floor. He assisted them to their feet and they returned to the messenger room whereupon appellant surrendered the envelope. It was later opened and found to contain approximately thirty-five numbers slips. Two weeks later appellant was arrested by an officer of the Metropolitan Police Department upon a warrant issued by the Court of General Sessions.

Further evidence offered at trial established that every floor of the Veterans Administration had a messenger station similar to appellant's. Messengers were generally assigned to stations on a daily basis although appellant had been stationed on the seventh floor for some two or three weeks prior to the seizures in question. Normally, messengers would only spend twenty to twenty-five minutes of each hour in the messenger room, employing the remainder of their time in making their runs.

At each messenger station the table drawer contained mail routing instructions and office supplies. It was not locked, nor were its contents removed when a messenger was reassigned. While the messengers could put personal effects in the drawer, a place in the basement was provided for them to hang their hats and eat their lunches. The station was not restricted to messengers, but was in fact open to secretaries and other employees who wished to have articles routed to different departments. If necessary, they could also

---

1. "If any person shall, within the District of Columbia, knowingly have in his possession or under his control, any record, notation, receipt, ticket, certificate, bill, slip, token, paper, or writing, current or not current used or to be used in violating the provisions of section 22–1501, 22–1504, or 22–1508, he shall, upon conviction of each such offense, be fined not more than $1,000 or be imprisoned for not more than one year, or both. For the purpose of this section, possession of any record, notation, receipt, ticket, certificate, bill, slip, token, paper, or writing shall be presumed to be knowing possession thereof."

use paper clips and pencils from the table drawer.

On these facts appellant contends that Blok v. United States, D.C.Mun.App., 70 A.2d 55 (1949), affirmed 88 U.S.App.D.C. 326, 188 F.2d 1019 (1951), is controlling and that the evidence should have been suppressed. He asserts that he had a sufficient interest in the table to make the search thereof unreasonable under the circumstances.[2] The government urges that we distinguish Blok on the ground that appellant did not have "exclusive control" of the table. We find the government's position persuasive.

In Blok we were concerned with the search of a secretary's desk assigned to her exclusive use in the government office where she was employed. Our Court of Appeals said:

"* * * We think a person who has enough interest in a place to make a search unreasonable has enough to object to the search. * * * We think appellee's exclusive right to use the desk assigned to her made the search of it unreasonable. * * *"[3]

Here appellant did not have the exclusive right to use the table at the messenger station on the seventh floor. His assignment there was merely temporary since he could be reassigned to another floor on a daily basis. While he could place personal effects in the table drawer, there was another assigned place in the building for his clothing and lunches. The minimal time spent working at the table and the fact that secretaries and other employees would frequent the room and use paper clips or pencils from the table drawer gave appellant a very limited interest therein. In effect the table was open for common use by other employees of the agency. For these reasons we feel appellant cannot complain that the search by the Veterans Administration investigator violated his right of privacy under the Fourth Amendment and that the seized evidence should have been suppressed.

Affirmed.

---

2. Appellant does not contend that the search was unreasonable as incident to an illegal arrest.

3. 88 U.S.App.D.C. at 328, 188 F.2d at 1021.