**William Ambrose CALDWELL,
Defendant, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6539.**

United States Court of Appeals
First Circuit.

Heard Sept. 14, 1965.

Decided Oct. 14, 1965.

Michael J. Monahan, Boston, Mass., with whom George F. Foley, Jr., Boston, Mass., was on brief, for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., and William B. Duffy, Jr., Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Senior Judge, Court of Claims,* and JULIAN, District Judge.

ALDRICH, Chief Judge.

Defendant was convicted on evidence which he does not, and could not, contend was insufficient, of theft of government property from Massachusetts Institute of Technology's Lincoln Laboratory, so-called, in Lexington, Massachusetts, on July 31, 1964. 18 U.S.C. § 641. On that day defendant was one of three stockroom employees. Theft of small parts from the stockroom had been noted for some period. The defendant had previously been observed carrying unidentified packages from the premises to his car.

* Sitting by designation.

On July 31 defendant was stopped by a security officer as he was about to go out the door carrying a small parcel of a common Laboratory type. It bore no address, and was unaccompanied by the normally requisite copy of a work order. The security officer asked defendant to go to a closed room, where he was introduced to, and left with, two FBI agents. The defendant laid the parcel on the table to shake hands with the agents. When one of the agents dumped the contents of the package out on the table it proved to contain government property. Before questioning him the agents informed defendant that he was free not to talk, and that he could, if he wished, consult first with his attorney. He was not expressly told that he could have an attorney present at the interview. The defendant thereupon answered questions freely until he asked to telephone his attorney. He was immediately permitted to do so, and thereafter he refused to talk.

 The explanation of his conduct that defendant had offered to the agents was introduced by the government at the trial, over his objection. The jury could reasonably have found it sufficiently implausible on its face to injure his case.[1] Cf. Dirring v. United States, 1 Cir., 1964, 328 F.2d 512, 515, cert. den. 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (false alibi). The defendant also moved unsuccessfully, prior to trial, for the suppression of the contents of the package, and objected at the trial to its use.

Defendant bottoms his present appeal on Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. A greater misconception of that case would be difficult to imagine. M.I.T. is entitled to the same reasonable procedures in protecting its own and its customers' property as is a shopkeeper in similar circumstances. See

Montgomery Ward & Co. v. Freeman, 4 Cir., 1952, 199 F.2d 720. Unlike United States v. Blok, 1951, 88 U.S.App.D.C. 326, 188 F.2d 1019, the evidence sought in this case directly related to defendant's employment. See also, United States v. Ebeling, 2 Cir., 1944, 146 F.2d 254. The government officers were free to open the parcel. No greater warning than that given was necessary before asking pertinent questions, even on the assumption that the defendant was then a prime suspect. See United States v. Konigsberg, 3 Cir., 1964, 336 F.2d 844, cert. den. 379 U.S. 933, 85 S.Ct. 334, 13 L.Ed.2d 344.

Affirmed.

---

1. The defendant testified at the trial, giving essentially the same explanation that he had given initially. We rest nothing on this circumstance, however. The goverment's introduction of his extrajudicial statement naturally placed defendant in the dilemma of having to stick to his story or else be subjected to still further comment. Consequently the prejudice of the government's use of this statement, if improper, was not removed by the defendant's continued adherence to it.