295 So.2d 279 (1974)
Sam P. PAGE, Jr.
v.
STATE of Mississippi.
No. 47938.
Supreme Court of Mississippi.
May 27, 1974.
*280 W.S. Moore, Julie Ann Epps, Jackson, Clyde Ratcliff, McComb, for appellant.
A.F. Summer, Atty. Gen., by William D. Boerner, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Appellant, Page, appeals after being convicted of the sale of marijuana. Trial was in the Circuit Court of Pike County, where appellant was sentenced to serve three years in the state penitentiary and pay a fine of $1,000. We affirm.
Briefly stated, the record shows that appellant was convicted upon the testimony of one Cockerham, an undercover agent. Cockerham revealed that he purchased a lid of marijuana from appellant, using his own funds which were later refunded to him by the sheriff. Other salient facts will be stated as the different legal propositions before us are discussed.

I.
Appellant contends he was denied due process because of the pre-indictment and pre-trial delays. The date of the offense was August 14, 1971, and on March 21, 1972 the indictment was returned. Appellant voluntarily surrendered to the sheriff on December 6, 1972 and was tried on April 5, 1973. A simple delay between the date of an offense and the date of an indictment is not per se reversible error, especially where (as in this case) the delay is to conceal the identity of an undercover agent for a reasonable period of time so that he may continue to effectively work as such an agent. United States v. Judice, 457 F.2d 414 (5th Cir.1972).
Upon the facts and circumstances of this case, the lapses of time between the commission of the offense, date of indictment, and the trial are not reversible error. The four-way balancing test applicable here was articulated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and adopted by this Court in Wells *281 v. State, 288 So.2d 860 (Miss. 1974). Cf. Cummings v. State, 219 So.2d 673 (Miss. 1969). In Barker, supra, the high court stated that the balancing test should be applied in each individual case in order to determine if the right to a speedy trial has been violated.
Before applying the balancing test to the record before us, we should determine at what juncture the appellant had the right to object to any further delay prior to trial. According to United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the right is not available until an indictment is returned, the accused is arrested, or a showing at the trial is made that undue prejudice resulted from the government's delay. We have already determined that the delay between the night of the sale and the date of the indictment was justifiable. It was also within the two year time frame set forth in Mississippi Code Annotated section 99-1-5 (1972) during which prosecutions may be commenced. Therefore, the appellant's right to a speedy trial as regards delay of prosecution could have accrued no earlier than the date of the return of the indictment.
We now apply the four factors set out in Barker, supra, and Wells, supra. First, the length of the delay was slightly over a year from the time of the indictment until trial date. Second, the reason for the delay, as testified to by representatives of the state, was the inability of the state to locate the appellant. Third, as to the appellant's assertion pertaining to his right for a speedy trial, he voluntarily turned himself in to the sheriff in December 1972, less than five months prior to his trial, and failed to demand a speedy trial. As to the fourth factor, he argues that he was prejudiced by a loss of witnesses who could have testified in his favor, but the record does not substantiate that claim. Therefore, application of the balancing test of Barker, supra, to the circumstances shown by the record before us leads us to the conclusion that the appellant was not denied due process because of pre-indictment and pre-trial delays.

II.
Appellant next contends that the trial judge committed reversible error in excluding the testimony of a witness (Mr. Reeves). Profert of Reeves' testimony was made by appellant in an attempt to impeach the credibility of the state's chief prosecuting witness (undercover agent Cockerham). On cross-examination the undercover agent testified that he was not pressured or caused to work as such on account of "heat" having been applied to him. After the state rested, appellant sought to have Reeves (an attorney) testify concerning his conversation with Cockerham which occurred prior to the trial. Reeves said that he was "under the impression" that Cockerham told him a narcotics officer (Butler) was "pressuring or something to that effect" in order to induce Cockerham to work in the capacity of an undercover agent. At another point in his testimony Reeves said that Cockerham related to him that he was "encouraged" to work as such an agent. The trial judge, having heard Reeves in the absence of the jury, excluded this testimony on the basis that it was opinion testimony and therefore inadmissible.
We find no reversible error as to this proposition. In not permitting the jury to hear the impression or opinion or inference which the witness Reeves gleaned from what he heard agent Cockerham say the trial court was correct. The record does not clearly reveal the dialogue between Reeves and Cockerham or the utterances made by Cockerham in the presence of Reeves. Rather than hear of the impression received or conclusion formed by the witness Reeves, the jury should hear facts or data of the occasion and then "draw its own inferences or conclusions." Davis v. State, 144 Miss. 551, 110 So. 447 *282 (1926). His (Reeves') evaluation or analysis or impression is not a satisfactory aid to the jury in its search for truth. Absent from Reeves' testimony, made profert by appellant, were requisite qualities of particularity rendering such testimony inadmissible to impeach Cockerham. Moreover, we note and point out that when he was on the witness stand Cockerham was not asked if he had been "encouraged" to serve as an undercover agent, but to that effect was a portion of what the defense sought to prove by Reeves and thereby impeach Cockerham's credibility. Clearly no proper predicate had been laid for this type of impeachment. Upon the posture of this record there was no prejudicial error in this regard. Rule 11, Miss.Sup.Ct.Rules.

III.
Thirdly is the argument of appellant that the state failed to satisfactorily establish the chain of possession of the marijuana introduced into evidence. It is true that undercover agent Cockerham in his testimony did not state unequivocally that he had possession of the bag of marijuana from the instant he bought it until the time he got out of the car. We point out, however, that this witness did state that he was certain that when he got out of the car he had the bag of marijuana which he purchased from the appellant, which was subsequently turned over to the state laboratory for analysis. Applicable here is the rule stated in Clanton v. State, 279 So.2d 599 (Miss. 1973). The admissibility of evidence is to be determined within the sound discretion of the trial judge and, unless his judicial discretion is so abused as to be prejudicial to the accused, we shall not reverse his ruling. No showing appears in the record to the effect that the trial judge abused his judicial discretion to the prejudice of appellant.

IV.
We find no merit in appellant's contention that the verdict is contrary to the overwhelming weight of the evidence.
Once again we have been called upon to examine another example of what appears to be an unending line of cases dealing with drug abuse. The enormity of the problem is immeasurable and provokes melancholy among judges at the appellate and trial level. It produces untold grief among affected parents and shatters the dreams and aspirations of many of our young citizens. We deem it appropriate to conclude as did the circuit judge who heard this case. Before sentencing the appellant the learned judge said:
I know that you have good parents... . Parents seem to have lost control of their children. It is a sad situation to this Court to see what is going on in the drug business... . Ninety percent of all crime in this district of mine, that I have jurisdiction over, is committed by teenagers and people in their early twenties... . I wish there was some way I could help them other than having to send you to the penitentiary... . That doesn't apply to all our young people; we have a lot of nice young people.... [T]welve good people said you were guilty, and from this evidence I think you were. It wasn't for me to say you were guilty or not, but it is the jury; that's our system... . I did not invoke the maximum... .
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.