### UNITED STATES v. MARQUETTE et al.

(District Court, N. D. California, First Division. September 15, 1920.)

No. 8129.

Intoxicating liquors ⟨⟩⟩257—Unlawful search and seizure.

    Seizure of liquor from a private residence prior to the taking effect of Const. Amend. 18, on a search made without a warrant by officers armed with shotguns and pistols, although there was "invitation to enter and consent to the seizure," *held* unlawful, and the owner of the liquor *held* entitled to its return.

Criminal prosecution by the United States against Edward John Marquette and others. On petition of W. W. Powers for return of certain liquors. Granted.

Edward F. Jared, of San Francisco, Cal., for petitioner.

Frank M. Silva, U. S. Atty., of San Francisco, Cal.

DOOLING, District Judge. The petition of W. W. Powers avers that he is the owner of certain liquors, purchased by him before July 1, 1919, and located in San Francisco; that on January 8, 1920, with the consent of one V. W. Sloan, he placed the said liquors in the home of said Sloan for safe-keeping; that on January 9, 1920, certain officers of the government entered into the home of said Sloan, armed with shotguns and pistols, and without warrant or authority so to do seized and carried away the said liquors, and are now holding them to be used as evidence against petitioner upon the trial of an indictment against him for an alleged violation of section 37 of the Criminal Code (Comp. St. § 10201). The petitioner further avers that such seizure was in violation of his rights under the Fourth and Fifth Amendments to the Constitution, and prays for an order that the property so seized be returned to him.

On this petition an order to show cause was issued. The return to such order denies the present ownership of the liquor by petitioner, though it avers a purchase of the same by him prior to July 1, 1919, and sets up certain proceedings had in this court against him upon an indictment charging him with a conspiracy to violate the Reed Amend-

ment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a) in connection with said liquor. It avers that the liquor was first seized to be held as evidence in the prosecution of such indictment; that petitioner pleaded guilty to such indictment; that the liquor was then turned over to him upon condition that he export it to Victoria, B. C. Why such condition was exacted, or by what authority, is not clear, but it is averred that in violation of such condition he sold it to one Marquette, and Marquette was transporting it to the home of a Mrs. Hayes, and not of Sloan, when said Marquette and one Willy were arrested for a conspiracy to violate the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}/_{12}$f–3115$^{11}/_{12}$h) ; the violation charged being a conspiracy to make the sale from Powers to Marquette.

In this indictment Sloan and Powers are included as defendants, and the liquor is now held to be used as evidence against them. The liquor was not seized at the time of the arrest. According to the return, however, an officer was later invited into the home by Sloan and Mrs. Hayes, was shown the liquor by said Sloan, placed a government seal on the door of the room containing it, and put a keeper in charge. Later the liquor was taken by officers of the government in the presence of Sloan and Mrs. Hayes, and by and with their consent, and without objection on their part, from said premises, and this is the seizure complained of. To the averment in the petition that the officers "entered the home of defendant Sloan armed with shotguns and pistols unlawfully," the return denies:

"That certain or any officers of the government entered the alleged or any home of defendant Sloan armed with shotguns or pistols or any firearms whatever without authority so to do."

Upon the hearing petitioner moved on the pleadings for an order for the return of the property so seized. It is to be noted that there is no denial that the officers entered the home armed with shotguns and pistols; the denial is that they entered it "without authority so to do." It is conceded that they had no search warrant; it is also conceded that they did not seize or attempt to seize the liquor at the time of the arrest of defendants Marquette and Willy; so that I take it from the pleadings their "authority" to enter this private home, whether it be the home of Mrs. Hayes or of the defendant Sloan, was the invitation of Sloan and Mrs. Hayes. The court stated at the hearing that an invitation to enter one's home, given by the occupant thereof to officers who come there demanding admission, and armed with shotguns and pistols, would be regarded, upon any controversy later arising between the owner of the premises and the officers, as an invitation secured by force. I see no reason to change my views.

All this occurred before the Eighteenth Amendment to the Constitution became effective, and while there was no inhibition upon the transportation of liquor. If the liquor were taken unlawfully, the court will not try the issue as to the ownership in this proceeding. Nor is it very material to ascertain whether the place from which the liquor was taken was the residence of Mrs. Hayes, or of the

defendant Sloan, or of both. The liquor was in a private home, where liquor might lawfully be, and could not be taken therefrom without a warrant, except upon consent of the occupants of the home, voluntarily given. A consent accorded to a show of arms, even though no open objection be made, will not be regarded as voluntary. The outlawing of liquor by the Eighteenth Amendment did not abrogate either the Fourth or Fifth Amendment to the Constitution, and the zeal of the enforcement officers in pursuing this recent outlaw cannot be permitted to carry them without warrant across the threshold of the home.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons and things to be seized."

Such is the language of the Fourth Amendment. The protection thus afforded can only be insured by the courts. Every case arising must, of course, be determined upon the facts of that particular case; and where, as here, the record shows an invitation to enter, but also shows the presence of shotguns and pistols, I cannot disassociate the one from the other. As there was no warrant either to search the premises or seize the liquor, and as the only justification pleaded is that of "invitation to enter, and consent to the seizure," under the circumstances recited, I am of the opinion that the motion for an order for the return of the property should be granted upon the pleadings.

It is therefore ordered that the liquor so seized as aforesaid be returned to the petitioner.