## HERTER v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 18, 1928.

No. 5395.

Criminal law ⬮═394—Evidence held not to show defendant voluntarily consented to search of dwelling without warrant, thus waiving constitutional rights.

Evidence *held* not to show that defendant voluntarily consented to .search of his private dwelling without a search warrant, so as to waive his constitutional rights.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Karl Herter was convicted of violating the Volstead Act (24 F.(2d) 111), and he brings error. Reversed and remanded.

Lester H. Loble and Hugh R. Adair, both of Helena, Mont., for plaintiff in error.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., and John Collins, Asst. U. S. Atty., of Dillon, Mont.

Before GILBERT, RUDKIN, DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The legality of a search of a private dwelling without a search warrant is the only question presented for decision. It was conceded on the argument that the search was unlawful, unless the plaintiff in error waived his constitutional rights by consenting thereto, and this is manifestly true. Cola v. U. S. (C. C. A.) 22 F.(2d) 742, and cases there cited. The only testimony bearing on the question of consent was this:

One of the prohibition agents testified on direct examination that he called at the dwelling of the plaintiff in error for the purpose of purchasing intoxicating liquor; that he rang the doorbell and the plaintiff in error came to the door; that they greeted each other, and the agent asked the plaintiff in error if he had any beer; that the plaintiff in error replied that he had none; that the agent saw 2½ cases of beer in the hall, and said to the plaintiff in error, "You have 'a can here," meaning a still, "and I have come after it;" that the plaintiff in error replied that he had not, and the agent said, "If you have not, you do not mind my looking for it;" and the plaintiff in error invited him in; that the agent then placed the plaintiff in error 'under arrest and called to his assistance another agent, who remained on the outside. On cross-examination the witness testified that at the time of making the ar-

27 F.(2d)—33½

rest he did not know that the cases contained beer; that he did not see the bottles or their contents, but thought it was beer, because beer was put up in that way.

This testimony was specifically contradicted by the plaintiff in error and his wife, both of whom testified that consent to make a search of the premises was refused. Upon a full consideration of all the testimony, we are convinced that the claim of the government that the plaintiff in error voluntarily consented to the search, thus waiving his constitutional rights, is unfounded in reason and unsupported by the testimony. See, Farris v. U. S. (C. C. A.) 24 F.(2d) 639, and cases there cited.

The judgment of the court below is therefore reversed; and the cause remanded for a new trial.