### KOVACH v. UNITED STATES.
### No. 5897.

Circuit Court of Appeals, Sixth Circuit.

Nov. 13, 1931.

D. F. Rendinell, of Youngstown, Ohio, for appellant.

M. J. Wolpaw, of Cleveland, Ohio (W. J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating the National Prohibition Act (27 USCA). Before trial, he moved to suppress certain evidence obtained on a search of his residence by prohibition officers. The officers had no search warrant, but claimed that the search was made with appellant's consent. Upon this issue, the court found against appellant, and overruled the motion to suppress the evidence. Gatterdam v. United States, 5 F.(2d) 673 (6 C. C. A.). Error is assigned to this ruling.

The finding of the trial court on a question of fact upon which the admissibility of evidence depends has been held to be conclusive "unless clearly shown to be erroneous in matter of law." Stillwell Mfg. Co. v. Phelps, 130 U. S. 521, 9 S. Ct. 601, 603, 32 L. Ed. 1035. It was said in Gila Ry. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229, 232, 58 L. Ed. 521, that such finding is not "subject to be reversed on appeal or error if it be fairly supported by the evidence." Cf. Windsor v. United States (C. C. A.) 286 F. 51; Schutte v. United States (C. C. A.) 21 F.(2d) 830; Citizens' Bank & Trust Co. v. Allen (C. C. A.) 43 F.(2d) 549; Poetter v. United States (C. C. A.) 31 F.(2d) 438; and Waxman v. United States (C. C. A.) 12 F.(2d) 775. Where officers making the search of a dwelling were not acting under a search warrant, the burden is on the government to show that the owner voluntarily consented to the search, and the consent can not be deemed voluntary, unless it be made clearly to appear that it was freely and intelligently given. This burden is of course heavier where it appears that the owner is illiterate or a foreigner who does not readily speak and understand the English language. We cannot say that there was not a voluntary consent without duress in this case, even if the facts were reviewable as if in equity. But since the trial court may not have considered the evidence in the light of the burden carried by the government as indicated, the cause is remanded to the District Court with authority to grant a motion for a new trial, if, in its judgment, the government's proofs did not fully meet the burden requirements. Upon the filing in this court of a certified copy of an order of the lower court ruling on any such motion that may be made, appropriate action will be taken to give it effect, either by a dismissal of the appeal or an affirmance of the judgment.