**KARWICKI v. UNITED STATES.**

No. 3236.

Circuit Court of Appeals, Fourth Circuit.

Jan. 25, 1932.

Marion A. Figinski, of Baltimore, Md., for appellant.

Simon E. Sobeloff, U. S. Atty., of Baltimore, Md. (Risley Ensor, Asst. U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and MEEKINS, District Judge.

PER CURIAM.

Appellant was convicted in the court below of the possession of intoxicating liquors in violation of the National Prohibition Act (title 2, § 25 [27 USCA § 39]). The only evidence supporting the conviction was the testimony of prohibition agents as to finding intoxicating liquors in the course of a search made of appellant's premises. The government concedes that this search was made by them without a search warrant, but contends that it was consented to by appellant. The only question of importance presented by the appeal, therefore, is as to whether the consent relied upon was sufficient.

On the conflict presented by the testimony, we are of course bound by the findings of the judge below; but we do not think that, upon the government's version of the matter, the search was authorized. It appears that a near beer saloon was located in the front room of the premises. The rooms in the rear and upstairs were occupied by defendant and his family as a residence; the rooms in the rear being separated from the saloon by a hallway. The officers found the defendant in the saloon and told him that they had a complaint that whisky and beer were being sold there. Defendant replied that this was not true. The officer in charge then said, "Well, if there is no whisky or beer here, you have no objection to our looking around." To this the defendant replied, "No." The officers then proceeded to search not only the saloon, but also the residential portion of the premises. They found no intoxicating liquor in the saloon, but two bot-

tles of whisky in a bedroom and a quantity of whisky in the cellar under the kitchen.

We do not think that the conversation relied upon by the government should be construed as authorizing the search of the residential portion of the building. The inquiry of the officers as to the sales of liquor had reference to the saloon; the officers as well as the appellant were in the saloon at the time; and it would be giving a very liberal interpretation to the consent given "to look around" to construe same as authorizing a search of the living quarters of appellant, separated as they were from the public saloon. The Fourth Amendment to the Constitution requires that search warrants shall specifically describe the place to be searched; and, when officers search without warrant upon consent given by the owner of property, the consent must be unequivocal and specific, particularly when the premises searched may reasonably be held not to have been covered by the consent given. The fact that appellant did not protest against the search of his living quarters is without significance. He was not required to protest. The officers had no right to search same without a warrant, unless they had his consent to the search.

Reversed.