**UNITED STATES of America**

**v.**

**Phil GROSS, Defendant.**

United States District Court
S. D. New York.
Jan. 5, 1956.

Paul W. Williams, U. S. Atty., New York City, for United States, George S. Leisure, Jr., New York City, of counsel.

Irwin Ross, for defendant, Daniel H. Greenberg, New York City, of counsel.

**WEINFELD, District Judge.**

The defendant is under a six count indictment charged with mailing an obscene film and advertisements soliciting obscene matter in violation of 18 U.S.C. § 1461. Prior to the return of the indictment Government agents obtained a warrant for the arrest of the defendant and a search warrant for the premises where he resided.

The defendant moves for an order directing (1) the return and suppression as evidence of certain property taken at his apartment at the time of his arrest; (2) that he be furnished with a copy of the arrest warrant and the complaint upon which it was obtained; (3) that he be furnished with a copy of (a) the search warrant and papers upon which it was obtained; (b) return of the search warrant; and (c) an inventory of the property taken from him; (4) an inspection of the grand jury minutes upon which the indictment was founded, and upon such inspection, dismissal of the indictment for insufficiency; and (5) an inspection of letters, envelopes and a film taken from him with permission to copy the letters and the envelopes.

The principal controversy centers about that branch of the motion, made pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., which seeks the return and the suppression as evidence of the property taken from the defendant.

The essential facts as to what transpired are not in dispute. The affidavit of the postal inspector who directed the search and that of the defendant are in substantial accord and hence there is no need to "receive evidence on any issue of fact necessary to the decision of the motion" as required by Rule 41(e).

On July 22, 1955 Harry J. Simon, the postal inspector, accompanied by a Deputy United States Marshal, went to defendant's apartment armed with both a warrant for his arrest and a search warrant covering the apartment at 982 Leggett Avenue, Bronx, New York, occupied by the defendant and his wife. The warrants had been issued the day before by a United States Commissioner on the postal inspector's application. Both were admitted by defendant's mother in the latter's presence. The defendant concedes he was told by the officers they had a warrant for his arrest. He also admits they stated they had a warrant to search for obscene matter kept in the apartment. Simon states he suggested to the defendant that he surrender the material and unless he did so "it would be necessary to pull everything apart in the apartment in order to enforce the search warrant", or as the defendant puts it, "they would turn the apartment upside down". According to the postal inspector the defendant stated that if the officers wanted to search the premises they could do so. The Deputy Marshal then handed the defendant a copy of the search warrant, which he placed on the top of a bureau dresser in the bedroom where the parties then were. The inspector commenced to examine some books in a bookcase when the defendant's wife entered the bedroom and was informed by the inspector that her husband was not "cooperating" and unless he voluntarily surrendered all obscene matter in his possession it would be necessary "to pull everything apart in the apartment pursuant to the search warrant." The defendant then undertook to give to the officers books, pamphlets and films which he contended were

his personal collection and which he kept for his own amusement. At or about this time the Deputy Marshal picked up the warrant from the top of the dresser where the defendant had placed it. The defendant then led the officers to another bedroom where he pointed out a bookcase in back of a wardrobe from which the officers obtained possession of the property, the subject matter of this motion. Upon receipt of the property the defendant was forthwith removed from the apartment pursuant to the warrant of arrest and arraigned before the United States Commissioner.

The Government concedes that no copy of the search warrant was left with or thereafter delivered to the defendant, that no inventory was made of the property at the time, that no receipt was given to the defendant and no return was made as required by Rule 41(d). But it contends that this was not required since the defendant consented to the search and voluntarily turned over the property to the agents.

The initial inquiry is whether the defendant did in fact consent to the search and voluntarily turn over the property, thereby dispensing with the need for compliance by the Deputy Marshal with the requirements of Rule 41(d). The situation is unique in that here, unlike many other situations, the enforcement officers did apply for and obtain a search warrant as well as an arrest warrant but now claim that although they commenced to execute the search warrant it was unnecessary to carry it through to finality because of the defendant's alleged consent.

In passing upon the issue of consent certain general principles should be noted. A waiver of a constitutional right is not to be lightly implied. Indeed, the " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights" and " 'do not presume acquiescence in the loss of fundamental rights.' " [1] Consent to search and seizure in derogation of one's constitutional right of privacy under the Fourth Amendment must be proved by clear and unequivocal evidence and it must appear that the consent was not the result of duress or coercion, actual or implied.[2] "Thus 'invitations' to enter one's house, extended to armed officers of the law who demand entrance, are usually to be considered as invitations secured by force. * * * A like view has been taken where an officer displays his badge and declares that he has come to make a search * * * even where the householder replies 'All right.' " [3]

I am of the view that the circumstances under which the property was obtained compel the conclusion that the defendant did not voluntarily surrender it or consent to the search or to the non-execution of the search warrant. Cast in their true perspective of time, place and circumstance, the facts reveal not a voluntary surrender of property but rather submission to the force of the search warrant and respect for the processes of the law.[4] The defendant was already under arrest; almost simultaneously the Marshal handed the search warrant to him and the postal inspector initiated a search of the bedroom pur-

1. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

2. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Waldron v. United States, 95 U.S.App.D.C. 66, 219 F.2d 37; Judd v. United States, 89 U.S. App.D.C. 64, 190 F.2d 649; Karwicki v. United States, 4 Cir., 55 F.2d 225, 226; Kovach v. United States, 6 Cir., 53 F.2d 639.

3. Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, 651; see also United States v. Marquette, D.C.N.D.Cal., 271 F. 120; United States v. Slusser, D.C. S.D.Ohio, 270 F. 818; United States v. Marra, D.C.W.D.N.Y., 40 F.2d 271, citing In re Lobosco, D.C.E.D.Pa., 11 F.2d 892; United States v. Kozan, D.C.E.D. N.Y., 37 F.2d 415, 418; United States v. McCunn, D.C.S.D.N.Y., 40 F.2d 295.

4. Cf. Johnson v. United States, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436; Catalanotte v. United States, 6 Cir., 208 F.2d 264; Nelson v. United States, 93 U.S.App.D.C. 14, 208 F.2d 505.

porting to act under its authority. The defendant first, and then his wife, was advised that unless he "cooperated" in the search by surrendering all alleged obscene material the agents " * * * would have to pull everything apart in the apartment pursuant to the search warrant". Already under the strain of arrest, and now given the doubtful choice of a wrecked home or "cooperating" by yielding up the desired property, the defendant of course chose the latter. To hold that under these circumstances the defendant's consent was freely given one must blind himself to the realities of fact and disregard common experience.[5]

■ The events cannot be dissociated from the display of the search warrant and the fact that the search was commenced by the arresting officers under its authority when the defendant was urged to cooperate. The service of the search warrant upon the defendant represented the full force of the law to the same extent as if the officers had displayed their weapons or badge of authority.[6] Under such circumstances, to yield to the authority of the law by facilitating in the execution of a search warrant, particularly where one is informed if he fails to do so his home will be turned upside down, can hardly be called a willing and intentional surrender of one's property.[7] Resistance to constituted authority is not necessary to preserve one's constitutional rights.[8]

■■ However, finding that the defendant did not consent to the search and that he facilitated in the execution of the warrant does not in and of itself vitiate the search. The Deputy Marshal was under a duty to execute the search warrant,[9] and the presumption is that he performed his duty [10] and that the search and seizure was made pursuant to the warrant. The holding that the search and seizure was made pursuant to the warrant and not on the basis of the defendant's consent makes it unnecessary to consider the Government's alternative contention that the search was incidental to a lawful arrest or the defendant's counter-contention that the arrest may not be used to justify the search since it was not made under the warrant of arrest but under the authority of the search warrant.

■ The question still remains as to whether the failure of the officers to leave with the defendant a copy of the search warrant, the failure to take an inventory, to give a receipt to the defendant or to make a return, invalidated the search and seizure. The weight of authority is to the effect that these acts are ministerial and do not effect the validity of the search.[11] Nevertheless the failure to comply with the requirements of Rule 41(d) cannot be disregarded. To sanction non-compliance with the statute would result in nullifying its purpose. Accordingly, that branch of

5. Herter v. United States, 9 Cir., 27 F.2d 521.

6. Cf. United States v. Marquette, D.C. N.D.Cal., 271 F. 120.

7. Cf. United States v. Alberti, D.C.S.D. N.Y., 120 F.Supp. 171, 175; United States v. Slusser, D.C.S.D.Ohio, 270 F. 818.

8. Meno v. State, 197 Ind. 16, 24, 164 N E. 93, 96, where it was held: "The presentation of a search warrant to those in charge at the place to be searched, by one authorized to serve it, is tinged with coercion, and submission thereto cannot be considered an invitation that would waive the constitutional right against unreasonable searches and seizures, but rather is to be considered a submission to the law."

9. 28 U.S.C. §§ 543, 547(b); Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 396, 24 A.L.R.2d 881.

10. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L. Ed. 131.

11. McGuire v. United States, 273 U.S. 95, 97, 47 S.Ct. 259, 71 L.Ed. 556; Giacolone v. United States, 9 Cir., 13 F.2d 108, 109; Hurley v. United States, 1 Cir., 300 F. 75; United States v. Klapholz, D.C.S.D.N.Y., 17 F.R.D. 18, 24; see also United States v. Callahan, D.C.M.D. Pa., 17 F.2d 937, 941–942; United States v. Gaitan, D.C.S.D.Cal., 4 F.2d 848, 851.

the motion which seeks the return of the property seized and the suppression of the evidence so secured is granted unless within ten days from the entry of an order to be entered herein the Government shall cause to be filed a return, together with an inventory of the property taken, and shall cause to be delivered to the defendant or his attorney a copy thereof as well as a receipt for all property taken and otherwise cause due compliance with the requirements of Rule 41(d), all, however, without prejudice to the right of the defendant to make any further motion under Rule 41(e) or any other applicable provision of law on the ground that the warrant was insufficient upon its face, the property seized was not that described in the warrant, or there was not proper cause for the issuance of the warrant.[12]

 There remain for consideration other aspects of the motion. The defendant asks that he be furnished with a copy of the warrant of arrest and the complaint upon which it was obtained, neither of which to date have been filed with the Clerk of the Court. No explanation is offered for the lack of filing. The rule and the statute are clear. Rule 5(c) of the Federal Rules of Criminal Procedure provides that after a defendant has been arrested under a warrant and arraigned, whether he waives a hearing or otherwise, the United States Commissioner "After concluding the proceeding * * * shall transmit forthwith to the clerk of the district court all papers in the proceeding * * *." In addition, 18 U.S.C. § 3041 requires the return of copies of the process "as speedily as may be into the office of the clerk" of the Court having jurisdiction of the offense.[13] Unless the return, as required by the rule and the statute, is made within three days from the date hereof, the United States Attorney is directed to deliver a copy of both the warrant of arrest and the complaint upon which it was obtained to the attorney for the defendant.

The defendant also moves for an inspection of the grand jury minutes. The papers are entirely barren of any facts to warrant the inspection.[14] Accordingly this branch of the motion is denied.

As to the request for inspection of letters, envelopes and a film taken from the defendant, with permission to copy the letters and envelopes, the motion is granted upon the consent of the Government given at the time of the argument of the motion.

Settle order in conformity with the foregoing within five days from the date hereof.

---

12. Thus far the search warrant and the affidavit have not been made available.

13. See Marvin v. United States, C.C., 44

F. 405, 411, appeal dismissed 149 U.S. 789, 13 S.Ct. 1053, 37 L.Ed. 961.

14. United States v. Costello, D.C.S.D.N. Y., 119 F.Supp. 159.