William C. Hecht, Jr., J.
(dissenting). I believe recent decisions of both the United States Supreme Court and New York appellate courts compel a finding that this evidence was properly suppressed as obtained in violation of the defendants’ constitutional rights. In reaching this decision, I find myself in disagreement with my brethren regarding a most substantial issue — the question of trespass. The court below rendered no opinion or findings of fact (cf. People v. Lombardi, 18 A D 2d 177, 180), but my reading of the record clearly indicates a trespass in that the officer’s point of observation was located upon the same premises as the building which housed the candy store and access to the observation point was gained by virtue of entry through that building.
The officer testified that he “ took a position in the rear yard behind the premises 903 East Tremont Avenue ’ ’. He reached this position by entering the front door of the five-story tenement building in which the candy store was located, passing through a door leading to the rear yard, climbing to the roof of a basement extension in the yard, extending a ladder from that roof against the rear outer wall behind the candy store and climbing the ladder to listen through the open window in the rear of the store. Although the roof upon which the ladder was based was approximately two feet from the rear wall, the officer testified that it was “ a roof of the tenement — part of the basement, I believe, coming out. In the yard, it’s an extension— appears to be an extension from the basement, perhaps the boiler room”. Testimony of the defendants also indicates that the store is located on the ground floor of the apartment house.
The fact that the officer’s testimony was of conversations to which anyone within hearing distance could have testified does not bear on the question of trespass. Nor can I subscribe the theory that the officer’s motive in proceeding as he did, or potential embarrassment to the police, are factors in determining the admissibility of this evidence. If the trespass were not present, *22 I should have no hesitation in agreeing that the observations by the officer would not constitute a search in violation of the Fourth Amendment. It is the trespass in reaching and using the vantage point which resulted in the unlawful invasion of privacy and fatally tainted all evidence obtained.
I agree, of course, that the States may develop ‘ ‘ workable rules governing arrests, searches and seizures * * * provided that those rules do not violate the constitutional proscription of unreasonable searches and seizures ”. (Ker v. California, 374 U. S. 23, 34.) Here, it is not the New York rules, but rather a particular fact situation which we are examining in the light of the Fourth Amendment. As pointed out in the majority opinion “ the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the ‘ fundamental criteria ’ laid down by the Fourth Amendment and in opinions of this Court applying that Amendment.” (Ker v. California, 374 U. S. 21, 33, supra.) The trial court has made that determination, based, I assume, upon a conclusion that the officer committed an unlawful trespass.
Upon facts almost identical with those of the instant case, the Appellate Term, Second Department, has recently reversed two gambling convictions. (People v. Caraturos, N. Y. L. J., Jan. 24, 1963, p. 15, col. 6; People v. Kramer, 38 Misc 2d 889.) In both of those cases, the court found that the observations of the police were made during the course of a trespass and that the defendants’ right to privacy had been violated. Although not controlling upon us, I believe the rationale of these opinions is in accord with the substantial body of recent Federal decisional law in this area.
In McDonald v. United States (335 U. S. 451) the police gained initial entry to the premises by forcing open a bedroom window of the landlady’s apartment. With permission of the landlady they gained access to a hallway from which they observed policy operations in another apartment. Holding the evidence obtained had followed an initial illegal entry and was thereafter fatally tainted, the court added at page 454: “ Where, as here, officers are not responding to an emergency, there must be compelling reasons to justify the absence of a search warrant. A search without a warrant demands exceptional circumstances, as we held in Johnson v. United States [333 U. S. 10] ”. In an explanatory concurring opinion, Mr. Justice Jackson stated at page 458: “ Had the police been admitted as guests of another tenant or had the approaches been thrown open by an obliging landlady or doorman, they would have been legally in the hall *23 ways. Like any other stranger, they could then spy or eavesdrop on others without being trespassers. If they peeped through the keyhole or climbed on a chair or on one another’s shoulders to look through the transom, I should see no grounds on which the defendant could complain. If in this manner they, or any private citizen, saw a crime in the course of commission, an arrest would be permissible. ’ ’
The record in this case indicates that the officer reached his vantage point in the rear yard by means of trespass through a residential premises unaided and uninvited by landlord, tenant or any agent thereof.
In Silverman v. United States (365 U. S. 505) the evidence obtained was excluded due to the physical intrusion of a “ spike mike ” into a party wall. But we may not infer from that case that the method employed here would be constitutionally inhibited only if the officer had placed himself or the ladder through the open window. No issue of prior trespass was involved in Silverman since the police had obtained permission from the owner of an adjoining house to station' themselves there and use it as an observation post and vantage point for employment of the “ spike mike ”. In Goldman v. United States (316 U. S. 129) the Supreme Court had explicitly pointed out that the permissible evidence was not obtained in the course of or by means of a trespass. (See opinion of Mr. Justice Roberts, pp. 134-135.)
I cannot agree that because the evidence here involved observations and overheard conversations, rather than the seizure of tangible property, there can be no unlawfulness. In McGinnis v. United States (227 F. 2d 598) the United States Court of Appeals for the First Circuit stated at page 603: “ We find no basis in the cases or in logic for distinguishing between the introduction into evidence of physical objects illegally taken and the introduction of testimony concerning objects illegally observed. We are aware of no case which makes this distinction. Moreover, it seems to us that the protection afforded by the Constitution against unreasonable search and seizure would be narrowed down to a virtual nullity by any such view of the law, which in effect would grant to the victims of unreasonable search and seizure the rather unsubstantial right to be convicted on the basis of evidence which was illegally observed rather than evidence which was illegally taken.” (See, also, McDonald v. United States, cited supra; Silverthorne Lbr. Co. v. United States, 251 U. S. 385; Williams v. United States, 263 F. 2d 487 [C. A., D. C. Cir.].)
*24 In People v. Friola (11 N Y 2d 157) the court refused to rule on the alleged illegality of a search and seizure on the ground that the question had not been adequately preserved for review. But in his dissenting opinion Chief Judge Desmond observed at page 162: “The officer who presented the offending evidence obtained it by a trespass. He had stationed himself on an upper landing of the fire escape outside the defendant’s apartment and heard conversations interpreted as connected with gambling-activities. His presence was a violation of defendant’s right to privacy in his home and ‘ curtilage ’ * * *. Evidence seized by means of a trespass is inadmissible under the Fourth Amendment (Silverthorne Lbr. Co. v. United States, 251 U. S. 385; Johnson v. United States, 333 U. S. 10).” (See, also, People v. Perlman, 12 N Y 2d 89; Brock v. United States, 223 F. 2d 681 [C. A., 5th Cir.]; Polk v. United States, 291 F. 2d 230 [C. A., 9th Cir.]; cf. Monnette v. United States, 299 F. 2d 847 [C. A., 5th Cir.].)
Business premises, if not quite as sheltered as the home, are nevertheless within the ambit of constitutional protection. (See, e.g., Go-Bart Co. v. United States, 282 U. S. 344; Gouled v. United States, 255 U. S. 298; Silverthorne Lbr. Co. v. United States, 251 U. S. 385, supra.) In Davis v. United States (328 U. S. 582) the seizure was upheld not upon the ground that a business premises was involved, but rather on the fact that the records seized were the property of the Government in any event.
People v. De Leo (12 N Y 2d 913) is, in my opinion, inapposite. In that case the premises were vacant. As stated at page 915: “ In the Court of Appeals the People argued that complainant, under the circumstances disclosed in the record, had a duty to investigate the activities being carried on in an apparently vacant and unoccupied store and that, his presence on the premises having been lawful, his subsequent arrest of defendants, for misdemeanors committed in his presence, was lawful.” It is also open to serious question whether the defendants in De Leo had standing to raise the question since there was no showing that they were lawfully on the premises. (See Jones v. United States, 362 U. S. 257, 267.) In the instant case the defendants are tenants in an occupied candy store. ' We have observations by a police officer from a vantage point gained by means of an unlawful trespass. There is no duty or right to investigate in this manner, under these circumstances, without a warrant.
Nor is it an answer to state that although there may have been probable cause and ample time to secure a search warrant the evidence obtained could not be reached by means of a warrant. *25 The warrant would have provided legal authority for entering the premises in the first instance and would have justified the officer’s methods in seeking to observe the immediate premises — the candy store. But even if the warrant were of no avail, I cannot accept the proposition implicit in such an argument that an illegal search may be justified on the premise that a legal search would have been unproductive. I dissent.
Hofstadter, J. P., concurs with Tilzbr, J.; Hecht, Jr., J., dissents in opinion.
Order reversed, etc.