**Jimmie L. BENBOW, Appellant,**

**v.**

**UNITED STATES, Appellee.**

Nos. 4187–4189.

District of Columbia Court of Appeals.

Argued Dec. 13, 1966.

Decided April 6, 1967.

Supplemental Record Received Jan. 31, 1967.

———————◆———————

Michael S. Horne, Washington, D. C., appointed by this court, for appellant.

Robert Kenly Webster, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Judith Ann Wilson, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appellant was convicted on one count of unlawful entry (D.C.Code 1961, § 22–3102), and two counts of petit larceny (D.C.Code 1961, § 22–2202) involving the theft of a television set and a small amount of money from a bowling alley.

Counsel appointed by this court has urged reversal on three grounds: (1) that the trial court improperly admitted testimony based on an unlawful entry into appellant's home; (2) insufficiency of the evidence to support a conviction; and (3) ineffective assistance of counsel in the trial court.

1. A police officer went to the home of appellant's mother to give her some information concerning another son, and when a girl opened the door the officer noticed a television set of the same make which had been recently stolen from a bowling alley. He sent for the owner who identified it by serial number. In the meantime, the officer had asked appellant, who was sitting there, who owned the set and appellant said his father owned it. At trial, appellant denied having made that statement and testified he had won the television set in a dice game from "a boy called Jabo," whom he knew only slightly and by no other name.

It is urged that this entry by the police officer and the second entry awhile

later by a second officer who brought the television owner, were illegal. Aside from the fact that the point is being raised in this court for the first time,[1] we are satisfied that these entries by the police officers were in the legitimate pursuit of their duties, that the evidence does not disclose a lack of consent to the entries, and that on the whole there has been no showing of a violation of appellant's constitutional rights. This is not a case where officers "thrust themselves into a home." Williams v. United States, 105 U.S.App.D.C. 41, 45, 263 F.2d 487, 491 (1949). While there for a wholly proper purpose, they happened to discover stolen property and after confirming identification, obtained an arrest warrant.

■ 2. We think the evidence was sufficient to establish appellant's guilt. It is argued that there was a failure to establish exclusive control or possession of the television set in appellant. Actually, this was established by his own testimony that having won it in a dice game he took it home.

3. After this appeal was argued we felt that there was a need for fuller information on the claim of ineffective assistance of trial counsel. Accordingly, we entered an order remanding the case to the trial court for a hearing on that question, specifying that appellant be afforded an opportunity to present testimony thereon.

■ In compliance with that order the trial court held a full hearing, and took the testimony of appellant and of the attorney who had appeared for him at the trial. The transcript of that hearing is now before us. Appellant said that the attorney conducted but one brief conference with him in advance of the trial, at which time the attorney discussed only the matter of his fee and not the facts of the case or preparation therefor. (Actually the attorney was paid no fee.) Appellant said he tried without success to reach the attorney by telephone. But he admitted that although he was free on bond during the two months preceding the trial he did not ask any witnesses to go and see his attorney. The attorney testified that he discussed the case with appellant in some detail at the time he was appointed by the trial court; that he gave appellant his card, and tried three times to reach appellant at home, and also wrote him a letter asking him to come to the attorney's office and provide the names of witnesses, and that he did not hear from appellant until the time of trial, and appellant never provided any information about his mother as a probable witness or concerning anyone else who might know about the case. Specifically, the attorney testified that appellant said he was on bond and would get the (full) name of Jabo and his address for the attorney. From this and the other testimony as to preparation for and conduct of the trial, as well as from his independent recollection of the trial itself, the trial judge found that appellant had in fact had effective assistance of counsel; also that appellant had the opportunity while free on bail to look for the witnesses who he claimed would support his defense, but did not give this information to the attorney or go to the attorney's office.

The record being free of error, the convictions are

Affirmed.

1. Pea v. United States, 116 U.S.App.D.C. 410, 411, 324 F.2d 442, 443 (1963), vacated on other grounds, 378 U.S. 571, 84 S.Ct. 1929, 12 L.Ed.2d 1040 (1964).