UNITED STATES of America,
Appellant,

v.

James HARRIS, Jr., and Angelo Palermo.

No. 74–1671.

United States Court of Appeals,
Third Circuit.

Argued Dec. 13, 1974.

Decided Jan. 2, 1975.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Chief, Appellate Section, Asst. U. S. Atty., Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for appellant.

Nicholas M. D'Alessandro, Philadelphia, Pa., for appellee James Harris, Jr.

Before ALDISERT, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The government takes this appeal under 18 U.S.C. § 3731 from an order of suppression. We are to decide whether the F.B.I. agents were present on the premises lawfully, under the teachings of United States v. Horton, 328 F.2d 132 (3d Cir.), cert. denied sub nom. Edgar v. United States, 377 U.S. 970, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964), so as to permit reception of their testimonial observations and interrogations. The district court found that there was no consent to their entrance and suppressed observations made or statements taken thereafter. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We affirm.

In Horton, the police officers accompanied by one Weiss were admitted "from a public hallway through a door opening into the room," and identified "themselves as soon as the door was opened." 328 F.2d at 135. Judge Hastie distinguished two sets of circumstances. The first, found to exist in Horton, is "when the business visitor, whether policeman or private person, merely steps within the door that has been opened" pursuant to a request to open a door. Under these circumstances the officers are permitted "within the entrance area where business conversations are normally conducted." Ibid. at 136. Contrasted were circumstances in which "the police officer who, once the outer door is opened, presses on into a residence to search for something, even though the householder who has opened the door to him does not overtly protest. Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Williams v. United States, D.C.Cir. 1959 [105 U.S.App.D.C. 41], 263 F.2d 487; Honig v. United States, 8th Cir. 1953, 208 F.2d 916. Such intrusion is normally objectionable and the householder's failure to protest is likely to impart submission to authority rather than consent." 328 F.2d at 136.

Under the testimony presented in the instant case, the district court could have found facts which would have brought this case within the ambit of Horton. But no such facts were found.

In the laconic pronouncement of the district judge: "From the facts of this case I find the testimony of Crystal Caulk to be credible and reject any testimony in the suppression hearing contradictory to her statements. I find that neither she nor anyone else gave the Special Agents permission to enter the home . . .." Miss Caulk testified that she did not "ask the agents to come in," did not "invite them into the house," did not "give them any type of permission to come into the house."

■ Unlike the facts found in Horton, where the door was opened for Weiss and the police officers ostensibly in response to a knock by Weiss, here the door to Miss Caulk's residence was opened by a householder for her own purpose; the Special Agents followed her inside without invitation and without express or implied consent.

■ Although the agents gave a different version of the happenings at the doorway, the fact finder did not believe them; the fact finder credited instead the testimony of seventeen-year-old Crystal Caulk. "It is the law of this Circuit, as well as many others, that a fact-finder's determination of credibility is not subject to appellate review." Government of the Virgin Islands v. Gereau, 502 F.2d 914, 921 (3d Cir. 1974).

■ As a jury is at liberty to make findings of credibility without a reasoned explanation, so may a judge sitting as a fact finder. We do not suggest that the law requires more. We are constrained, nevertheless, to emphasize the awesome responsibility the district courts bear in reaching credibility decisions which not only have the effect of removing a prosecution from the guilt-finding process, but also take a form which precludes judicial review.

The judgment of the district court will be affirmed.