

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2004

# USA v. Charles

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Charles" (2004). *2004 Decisions*. Paper 48.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/48

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 01-2485

———

UNITED STATES OF AMERICA

v.

MICHAEL EDWARD CHARLES,

Appellant

———

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 00-cr-00377)
District Judge:  Hon. Thomas K. Moore

———

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2004

Before:  SLOVITER, FUENTES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:  December 22, 2004)

———

OPINION OF THE COURT

———

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Appellant Michael Edward Charles was convicted of burglary and armed robbery

in the District Court of the Virgin Islands, Division of St. Thomas and St. John.  On

appeal, he challenges several evidentiary rulings of the District Court.[1] For the reasons

that follow, we affirm the District Court's judgment of conviction and sentence.

**I.**

The prosecution's evidence at trial showed that on February 15, 1998, two men

burglarized a rental villa in Estate Peterborg, St. Thomas, and robbed its occupants while

one held a sawed-off shotgun. Latent fingerprints were lifted from areas in the bathroom

which was the entry point and from a drinking glass, which was handled by one of the

perpetrators.

In August 1998, Charles, an illegal alien and police informant, became a suspect in

the armed robbery. On July 12, 1999, four Virgin Islands police officers followed

Charles to his apartment complex, detained him, and brought him to a police station to be

fingerprinted. Charles' fingerprints matched the latent prints gathered from the crime

scene.

On June 27, 2000, Charles was lured to the Virgin Islands Safe Streets Task Force

(VISSTF) office under the pretense of receiving a work permit, and was placed under

arrest. Warrington Tyson, a Virgin Islands police officer assigned to the VISSTF,

testified that he read Charles his rights as required by <u>Miranda v. Arizona</u>, 384 U.S. 436

(1966), and then presented him with an advice of rights form. Charles refused to sign the

---

[1]    The District Court had jurisdiction over the criminal trial under 18 U.S.C. § 3231
and 48 U.S.C. § 1612; this court has jurisdiction pursuant to 28 U.S.C. § 1291, 48 U.S.C.
§ 1613 and 18 U.S.C. § 3742(a).

form, stating he was unable to read. Accordingly, Officer Tyson noted on the form, "[u]nable to read and refuse [sic] to sign. However, the rights was read to the Defendant." Supp. App. at 188. Officer Tyson testified that Charles answered "yes" when asked if he was willing to give a statement. He then confessed to his participation in the February 15, 1998 burglary. At no time during the interview did Charles attempt to stop the questioning, ask for an attorney, or state that he did not understand any of the questions.

On July 27, 2000, the grand jury returned a five-count indictment charging Charles in count I with unlawful possession of a firearm by an alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); in count II with unlawful possession of a firearm, in violation of 14 V.I. Code § 2253(a); in count III with burglary in the first degree and aiding and abetting, in violation of 14 V.I. Code §§ 442(1) and 11; in count IV with robbery in the first degree and aiding and abetting, in violation of 14 V.I. Code §§ 1862(2) and 11; and in count V with grand larceny and aiding and abetting, in violation of 14 V.I. Code §§ 1083(1) and 11.

On December 7, 2000 Charles filed a motion to suppress his June 27, 2000 confession. He claimed that his statements were obtained without properly advising him of his Miranda rights and without obtaining proper waiver. The District Court denied the suppression motion.

Charles' trial commenced on December 11, 2000 and concluded on December 12,

3

2000, when the jury returned a verdict of guilty on all counts. On June 4, 2001 the District Court sentenced Charles to 87 months imprisonment on count I; five years imprisonment on the territorial charges in counts II and V; and ten years imprisonment on the territorial charges in counts III and IV. The sentence on count I was to be served concurrently with the sentences on counts II, III, IV and V. The sentences imposed on counts II and III were to be served consecutively with each other and concurrently with the sentences on counts IV and V. A supervised release term of three years was imposed and the District Court ordered Charles to pay restitution of $ 2,764.

Charles filed a timely notice of appeal, and the District Court appointed appellate counsel. By motion and supporting memorandum of law dated December 18, 2002, appointed appellate counsel moved to withdraw from representation pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). On or about June 20, 2003, Charles served and filed a brief <u>pro se</u>. The Government filed a brief responding to the <u>Anders</u> brief and to Charles' <u>pro se</u> brief. On March 11, 2004, this Court declined to accept the <u>Anders</u> brief, discharged appellate counsel and directed the clerk to appoint new counsel for Charles.

On appeal, Charles raises three issues. He claims:

A.

> The district court committed plain error when at trial it
> admitted into evidence the July 12, 1999 fingerprints that the
> Virgin Islands Police Department/FBI Virgin Islands Safe
> Streets Task Force took of Mr. Charles, in their office, as a
> result of an unlawful detention, in violation of his Fourth
> Amendment Rights to freedom of movement.

4

B.

> The district court committed clear error in denying Mr.
> Charles' Motion to suppress his June 27, 2000 alleged
> confession when it reasoned that if rights were read to Mr.
> Charles when he was brought to the INS on July 15, 1999,
> then it's assumed that his rights were read to him at his arrest
> on June 27, 2000 by the officers of the Virgin Islands Police
> Department/Virgin Islands Safe Streets Task Force.

. . .

C.

> The district court abused its discretion when it limited Mr.
> Charles' Sixth Amendment right to cross examine INS Agent
> Nash to impeach Special Agent Warrington O. Tyson for bias.

Appellant's Br. at i-ii.

## II.

A.  The Fingerprint Evidence

For the first time on appeal, Charles claims that because the police acted without probable cause or proper judicial authorization, his Fourth Amendment rights were violated by his July 12, 1999 detention and the attendant seizure of his fingerprint impressions. Accordingly, he asserts that the District Court committed plain error by admitting the July 12, 1999 fingerprint card at trial.

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be made before trial. See, e.g., United States v. Frank, 864 F.2d

992, 1006 (3d Cir. 1988) (holding that objection to manner in which search warrant was issued and executed was waived where not raised in suppression motion); United States v. Martinez-Hidalgo, 993 F.2d 1052, 1057 (3d Cir. 1993), cert. denied, 510 U.S. 1048 (1994) (same). Parties who fail to raise such motions before the deadline established by the district court waive the right to challenge the admission of such evidence. See Fed. R. Crim. P. 12(e). The court may, however, grant relief from waiver if the party who missed the deadline shows good cause. Id.

In the instant case, Charles has not attempted to show good cause for his failure to submit a timely motion. His claim has accordingly been waived.

B. Charles' Confession

Charles next contends that the District Court erred by denying his motion to suppress his confession, which was allegedly obtained by the police who failed to advise him of his Miranda rights. "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

During the suppression hearing, the District Court weighed the conflicting factual recitations of Officer Tyson, who testified that he read Charles his rights, and Charles, who denied that he was informed of his rights. The District Court concluded that Charles had been read his Miranda rights, and furthermore that he made a knowing, willing and

6

voluntary waiver of those rights. "It is the law of this Circuit, as well as many others, that a fact-finder's determination of credibility is not subject to appellate review." Gov't of the V.I. v. Gereau, 502 F.2d 914, 921 (3d Cir. 1974). Accordingly, we uphold the credibility determination of the District Court, and its decision to deny the motion to suppress. See, e.g., United States v. Harris, 507 F.2d 197, 198 (3d Cir. 1975).

C. Right to Confrontation

Prior to Charles' arrest, Officer Tyson and Charles had an agent-informant relationship; Officer Tyson described Charles as someone that could provide "information with respect to some criminal activity that was happening on the street." Supp. App. at 74. Charles contends that at some point, prior to his arrest, this relationship "sour[ed]." Supp. App. at 86.

During cross examination of Immigration and Naturalization Special Agent Joan Nash, called by the prosecution for the sole purpose of establishing the element of Charles' alienage, Charles attempted to illicit testimony of this failed relationship in order to impeach Officer Tyson's earlier testimony for bias. The District Court sustained the government's objection to this line of questioning, finding it irrelevant. Charles now contends that his inability to cross examine Ms. Nash with regards to Officer Tyson's inherent bias violated his Sixth Amendment right to confrontation.

In Delaware v. Van Arsdall, the Supreme Court established that the exposure of a "witness' motivation in testifying is a proper and important function of the

constitutionally protected right of cross-examination." 475 U.S. 673, 678-79 (1986) (internal quotations omitted). The Confrontation Clause of the Sixth Amendment, however does not prevent a trial judge from imposing a limit on defense counsel's inquiry into the potential bias of a prosecution witness. Id. at 679. This court has held that "whether a trial court has abused its discretion in limiting the cross-examination of a witness for bias depends on whether the jury had sufficient other information before it, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witness[]." United States v. Chandler, 326 F.3d 210, 219 (3d Cir. 2003) (internal quotations omitted).

In the present case, Charles was given ample opportunity to explore this alleged bias during cross examination of Officer Tyson.[2] Thus, Charles exercised his right to

---

[2] The following exchange occurred during Charles' cross examination of Officer Tyson:

Defense: In fact, you had more than one contact with Mr. Charles before June 27th of 2000?
Tyson: Yes, I did.
Defense: And isn't it correct that in those contacts you attempted to gain his help in your line of work; isn't that correct?
Tyson: Yes, I did.
Defense: And you were unhappy with the help that he had given you; isn't that correct?
Tyson: No.
Defense: You were not unhappy?
Tyson: No.
Defense: You did not find his help useful; isn't that correct?
Tyson: That is correct.

Supp. App. at 71-72.

confrontation in a meaningful manner, and the jury had ample information before it, without the cross examination of Ms. Nash, to discern any latent motivations present in Officer Tyson's testimony. Accordingly, we hold that Charles' Sixth Amendment right to confrontation was not violated.

## III.

For the reasons set forth above, we will affirm the District Court's judgment of conviction and sentence.