## NATIONAL LABOR RELATIONS BOARD, Petitioner,

### v.

## WINGS & WHEELS, INC., Respondent.

### No. 14407.

United States Court of Appeals Third Circuit.

Argued Oct. 24, 1963.

Decided Nov. 7, 1963.

Robert Sewell, N. L. R. B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., on the brief), for petitioner.

Roland Morris, Philadelphia, Pa. (Duane, Morris & Heckscher, Philadelphia, Pa., on the brief), for respondent.

Before STALEY and GANEY, Circuit Judges, and NEALON, District Judge.

PER CURIAM.

This case is before the Court on the petition of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 61 Stat. 136, 73 Stat. 519 (1947), 29 U.S.C. § 151, et seq. (1952), for enforcement of its order issued against respondent, Wings & Wheels, Inc. The Board

found that respondent violated Sections 8(a) (1), (3) and (5) of the Act, 29 U.S.C. § 158(a) (1), (3) and (5) (1952), by discharging its three driver employees in order to avoid bargaining with the Union; bargaining directly with the employees after they had designated the Union as their bargaining representative; conditioning re-employment on the employees withdrawing from the Union and accepting terms proposed during the unlawful direct bargaining; threatening reprisals for the employees' Union activity, and coercively interrogating the employees concerning their Union affiliation. In its order the Board directed respondent to bargain collectively with the Union, reinstate the three employees with back pay, and to cease and desist from engaging in unfair labor practices.

■■ The record in this case abounds with testimony showing that respondent completely repudiated its duty to bargain with the Union after being notified that the Union represented its truck drivers, sought instead to undermine the Union's status as bargaining representative by dealing directly with the employees, and finally discharged all three drivers to avoid bargaining with the Union. The respondent challenged this testimony, but the Board resolved the issue of credibility in favor of the employees and against the respondent. The responsibility to resolve issues of credibility is for the Board and not for the Court. National Labor Relations Board v. Buitoni Foods Corporation, 298 F.2d 169 (3d Cir. 1962). It is the function of the Court to determine whether or not, on a consideration of the record as a whole, the findings of fact are supported by "substantial evidence." Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). A consideration of the entire record convinces us that the findings of the Board are amply supported by the evidence.

Therefore, the petition for enforcement will be granted and an appropriate form of decree may be submitted by the Board.