**VALLEY FORGE FLAG COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 15558.

United States Court of Appeals
Third Circuit.

Argued May 16, 1966.

Decided July 1, 1966.

Philip P. Kalodner, Philadelphia, Pa. (Leonard J. Cook, Jerome Handler, Robert A. Bloom, Shapiro, Stalberg, Cook, Murphy & Kalodner, Philadelphia, Pa., on the brief), for petitioner.

William Wachter, N. L. R. B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Solomon I. Hirsh, Attorney, N. L. R. B., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

PER CURIAM.

This petition for review of an order of the NLRB and the Board's cross-petition for enforcement raise several issues. The pivotal question is whether the Valley Forge Flag Company violated § 8(a) (3) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3), by closing down one of its plants and transferring operations to its remaining plants. Speaking figuratively, the issue is whether the petitioner employed the device of the "runaway shop" to thwart union organization.

Since a disposition of this issue is necessary before the other questions may be resolved, we deal with it in detail. Aside from the issues of credibility, which lie almost exclusively within the province of the Board, NLRB v. Wings & Wheels, Inc., 324 F.2d 495 (C.A.3, 1963), our attention is focused on the trial examiner's exclusion of petitioner's proffered evidence regarding its economic motive in closing the plant in question. The trial examiner assumed for the purposes of his decision that petitioner had valid economic motives and would have closed its plant eventually; however, he found that petitioner violated the Act because the closing was accelerated by the alleged union activities. The Board rejected the trial examiner's assumption and held that the closing of the plant and transfer of work was solely to thwart the union's organizational activities. In so doing, the Board either found the evi-

dence of economic motive insufficient or found it irrelevant since petitioner had admitted that the employees' activities had accelerated the decision to close.

■ If the Board found the evidence of economic motive relevant but insufficient, we cannot sustain its position. It is inimical to the fact-finding process to improperly exclude evidence and then find that the party offering it has failed in its burden.

■ The alternative and more logical construction that can be given the Board's language is that it found the evidence irrelevant in light of petitioner's admission that it accelerated its decision to close because of the employees' activities. Several circuits have held that a predominant economic motive to subcontract or to close the plant and transfer operations, even though accelerated by union organizing efforts, does not constitute a violation of the Act. N L R B v. New England Web, Inc., 309 F.2d 696 (C.A.1, 1962); N L R B v. Rapid Bindery, Inc., 293 F.2d 170, 173–175 (C.A.2, 1961); Jays Foods, Inc. v. N L R B, 292 F.2d 317 (C.A.7, 1961); N L R B v. Lassing, 284 F.2d 781 (C.A.6, 1960), cert. denied, 366 U.S. 909, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961); N L R B v. Houston Chronicle Pub. Co., 211 F.2d 848 (C.A.5, 1954). Compare N L R B v. Preston Feed Corp., 309 F.2d 346, 350–352 (C.A.4, 1962); N L R B v. Brown-Dunkin Co., 287 F.2d 17 (C.A.10, 1961). See also annot., 5 A.L.R.3d 733 (1966). This court has not yet passed on this precise question. In the absence of governing precedent, we believe that the evidence of economic motive and the part it played in the company's determination to close its plant is essential to a proper review before this court. We, therefore, remand the case to the Board for the taking of further testimony and for appropriate findings based thereon. See Note, 77 Harv.L.Rev. 1100, 1101 (1964).

Because the other issues raised are, to a greater or lesser extent, contingent upon the § 8(a) (3) charge, it would not be appropriate to decide them here.

The petition for review will be granted; the cause will be remanded to the Board for findings not inconsistent with this opinion; the cross-petition for enforcement will be denied; a form of decree may be submitted by the Board.