ALDISERT, Circuit Judge
(concurring).
I join in Parts I and III of the majority opinion. I cannot join in Part II because I believe that this court should respect the Board’s credibility determinations in this case.
It is the function of the Board to find facts. Inherent in this function is the responsibility to resolve issues of credibility. It is a well-settled principle in this circuit that the Board’s credibility determinations are entitled to our respect. NLRB v. Erie Marine, Inc., 465 F.2d 104, 106 n. 3 (3d Cir. 1972); NLRB v. M. Koppel Co., 412 F.2d 681, 685 (3d Cir. 1969); NLRB v. Wings & Wheels, Inc., 324 F.2d 495, 496 (3d Cir. 1963). On the other hand, we have not hesitated to deny enforcement and have remanded where the administrative law judge contributed to a witness’ lack of credibility by improperly restricting his testimony, NLRB v. M. Koppel Co., supra, 412 F.2d at 685 — 86.
The majority do not criticize the administrative law judge for improperly excluding testimony relevant to credibility determination. Instead, they fault the administrative law judge for failing to consider explicitly certain record evidence and take exception with certain excerpts of the administrative law judge’s credibility reasoning.
As Chief Judge Seitz recently stated in Government of the Virgin Islands v. Gereau, 502 F.2d 914, 921 (3d Cir. 1974), cert. denied, 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975):
It is the law of this Circuit, as well as many others, that a fact-finder’s determination of credibility is not subject to appellate review.
See also United States v. Harris, 507 F.2d 197 (3d Cir. 1975).